**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

In re:

FRANK BARRACCO,

    Debtor,
_____/

                              CIVIL CASE NO.  10-10783

FRANK BARRACCO,                 BANKRUPTCY CASE NO.  09-59390

    Appellant,                  HON. MARIANNE O. BATTANI

v.

JP MORGAN CHASE BANK, N.A.,

    Appellees.
_____/

**OPINION AND ORDER
REVERSING THE BANKRUPTCY COURT'S ORDER OVERRULING DEBTOR
FRANK BARRACCO'S OBJECTIONS, VACATING AS MOOT THE BANKRUPTCY
COURT'S ORDER DENYING BARRACCO'S MOTION FOR RECONSIDERATION,
AND REMANDING THE CASE FOR FURTHER PROCEEDINGS**

      Before the Court is Debtor Frank Barracco's timely appeal of the bankruptcy court's February 11, 2010 Order that overruled his Objections to Creditor JP Morgan Chase Bank's Proof of Claim and the February 22, 2010 Order that denied his motion to reconsider the February 11 Order.  (Doc. 1). For the reasons that follow, the bankruptcy court's Order overruling Barracco's Objections is **REVERSED,** the Order denying Barracco's motion for reconsideration is **VACATED** as moot, and this case is **REMANDED** for further proceedings consistent with this Opinion and Order.

**I.     BACKGROUND**

In March 2005, DelVallo Construction, Inc. ("DelVallo") borrowed approximately $1.6 million from JP Morgan Chase Bank ("Chase") to purchase twenty-three vacant residential lots in Macomb County, Michigan (the "2005 Loan").  Frank Barracco, the sole shareholder of DelVallo, executed a personal guaranty on the 2005 Loan (the "Guaranty").  Chase obtained a mortgage on all of the properties that DelVallo purchased.

In November 2006, DelVallo paid the 2005 Loan in full.  DelVallo made payment with cash and with the execution of a new loan from Chase for approximately $1.2 million (the "2006 Loan").  (Record on Appeal ("ROA") #2, Ex. A).  Chase did not obtain a personal guaranty on the 2006 Loan.  At the time of the 2006 Loan, DelVallo owed seventeen vacant lots and three lots with model homes.

Despite selling one of the model homes, DelVallo ran out of cash and defaulted on the 2006 Loan in July 2007.  At the time of its last payment, the principal balance due on the 2006 Loan was approximately $960,000.

In September 2007, Chase filed a complaint against Barracco in Macomb County Circuit Court seeking payment under the Guaranty (the "Barracco Action").  Barracco did not respond to the complaint.

On October 24, 2007, while the Barracco Action was pending, Chase began foreclosure proceedings on the DelVallo properties.  The initial notice of sale indicated the sale would take place on November 7, 2007.  Chase adjourned the sale without notice to

Barracco or DelVallo and rescheduled it for December 14, 2007. At the sale, Chase purchased all of the lots for approximately $470,000.[1]

On December 20, 2007, Chase requested a default judgment in the Barracco Action. (Doc. 6 Ex. 1). In its affidavit accompanying the request for default, Chase did not discuss the foreclosure sale that occurred the week prior. The state court entered a default judgment against Barracco in the amount of $1,014,627.70. Chase swiftly enforced the judgment through a writ of garnishment.

In March 2008, Chase filed a complaint against DelVallo in Macomb County Circuit Court seeking a deficiency judgment for approximately $480,000, the difference between the outstanding balance on the 2006 Loan and the amount Chase paid at the foreclosure sale (the "DelVallo Action").

Barracco and DelVallo sought relief pursuant to M.C.L. § 600.3280 in response to Chase's enforcement of the default judgment in the Barracco Action and its filing of the DelVallo Action. Section 600.3280 provides that defendants in an action where a mortgagee is seeking a deficiency are entitled to a credit in the amount of the fair value of the land sold in a foreclosure sale. To enforce their rights under the statute, Delvallo filed a motion of summary disposition in the DelVallo action on April 11, 2008 and Barracco filed a motion for entry of an order of satisfaction of judgment in the Barracco action on April 24, 2008. They argued since Chase's own appraisers valued the DelVallo properties at approximately 150% of the outstanding loan balance near the time of the default (ROA #2,

---

[1] Chase did not inform Barracco or DelVallo of the sale until January 4, 2008.

Ex. D-E), there was no deficiency for Chase to recover in either action. The state court took their motions under advisement.

On December 1, 2008, while both motions remained pending in state court, Chase, DelVallo, and Barracco entered into an Arbitration Agreement. (Doc. 6 Ex. 2). The Agreement provides in relevant part:

> This Arbitration Agreement ("Agreement") is made as of this First day of December, 2008 by and between JPMorgan Chase Bank, N.A. ("Chase"), DelVallo Construction, Inc. ("DelVallo"), and Frank Barracco ("Barracco").
>
> WHEREAS Chase filed an action in the Macomb County Circuit Court against Barracco which was assigned case nwnber 07-4185-CK ("Barracco Action") and Chase filed a separate action in the Macomb County Circuit Court against DelVallo which was assigned case number 08-1144-CK (collectively the "Actions"), and
>
> WHEREAS Chase has obtained a default judgment against Barracco and is seeking a deficiency judgment against DelVallo and payments on the alleged deficiency in both Actions based on the tenns of a certain mortgage which was signed by DelVallo and a certain personal guaranty signed by Barracco, and
>
> WHEREAS on November 10, 2008 the Court entered an Order in the Barracco Action compelling production of documents by Margherita Barracco and attendance by Margherita Barracco at a continued deposition relating to the assets of Barracco ("Discovery Order"), and
>
> WHEREAS the parties wish to remove both Actions from the court's system and instead submit the matters in dispute to arbitration in accordance with the tenns and conditions set forth herein, and
>
> NOW THEREFORE, the parties wish to submit their dispute to arbitration in accordance with the terms and provisions set forth herein.
>
> 1. <u>Matters Submitted</u>: The parties agree that the issue of the value of the real estate foreclosed on by the Bank asserted by Defendants under MCL 600.3280 is submitted to arbitration under this Agreement. The terms of the recitals stated above are hereby incorporated by reference as though fully restated herein. The proposed stipulations and orders attached hereto shall be signed by counsel and entered with the Court indicating that the parties have agreed to submit their

> dispute to binding arbitration and closing the Actions. The Court shall retain jurisdiction, however, to enter and enforce any decision made by the arbitrator.
>
> . . . .

(Id.).

On December 19, 2008, the state court entered two identical consent orders in both the Barracco and DelVallo actions and closed both cases. (Doc. 6 Ex. 3). Titled "Amended Stipulation and Order Closing Case," the order states (in its entirety):

> This matter having come before this Court on the amended stipulation of the parties for the entry of an Order closing this matter for the reason that the parties have entered into an agreement for binding arbitration of their dispute, and the Court being otherwise fully informed in the premises:
>
> IT IS HEREBY ORDERED that this Case be, and hereby is, Closed, and
>
> IT IS FURTHER ORDERED that this Court retains jurisdiction to enter any decisions or orders to enforce the provisions of the arbitration agreement and enter the decision rendered by the arbitrator and to enforce the same as judgments of this Court.
>
> This Order resolves the last of the issues between the parties and Closes the Case.

(Id.).

On April 21, 2009, after an arbitration hearing in which Chase, DelVallo, and Barracco participated, the arbitrator issued a written Award:

> The Plaintiff Bank is awarded the sum of ($168,846.04) Dollars, as a deficiency for the amount owed in connection with its Complaint against the Defendants. The Award is meant to be against the Defendant, Del Vallo Construction, Inc., only, as the Arbitrator has been asked to make no decision or opinion regarding the ability to collect against Margherita Barracco, or any other individual party. The Arbitrator has not been asked to render an award regarding this issue or any issue of collection against any entity other than the Defendant Corporation.

5

(Doc. 6 Ex. 4).

Chase filed a Petition to Confirm Arbitration Award in both the DelVallo and Barracco actions on June 9, 2009. In its Petition, Chase argued the state court should modify the Award upward to $665,437.22 and enter judgment against DelVallo and Barracco collectively because the only matter submitted to the arbitrator was value of the DelVallo properties sold at the foreclosure sale, and therefore, the arbitrator had no authority to compute deficiencies. Before the state court held a hearing on Chase's petition, Barracco filed a Chapter 7 bankruptcy petition.

## II.    PROCEDURAL HISTORY

Barracco filed his Chapter 7 bankruptcy petition on June 19, 2009. Chase is the only creditor listed in Barracco's petition.

Chase filed a Proof of Claim for $220,577.47 based on the default judgment in the Barracco Action. (Doc. 6 Ex. 1). Two exhibits are attached in support of the Claim: (1) the default judgment from the Barracco Action and (2) a calculation showing how Chase reduced Barracco's outstanding default judgment from $1,014,627.70 to $220,577.47.

Barracco filed Objections to the Proof of Claim. (ROA #2). He challenged the Claim by arguing, inter alia, the Arbitration Award extinguished the default judgment in the Barracco Action and terminated all claims Chase had against Barracco in his individual capacity.

The bankruptcy court heard oral argument on Barracco's Objections on September 21, 2009. (ROA #4). At the hearing, the parties disagreed over whether the Award extinguished the default judgment. Chase advised the bankruptcy court that its petition to confirm the Award, which addressed the scope of the Award, remained pending in state

6

court because of the automatic stay. The bankruptcy court suggested the parties return to state court to resolve that petition and acknowledged it would be bound by the state court's determination as it relates to Chase's Claim. (Id. at 12). The parties agreed, and the bankruptcy court lifted the automatic stay to permit the parties to litigate and the state court to decide Chase's petition to confirm. (ROA #5).

Upon returning to state court, Chase filed a Supplemental Petition to Confirm Arbitration Award seeking a $220,577.47 deficiency judgment against Barracco in the Barracco Action and a $260,619.24 deficiency judgment against DelVallo in the DelVallo Action. Barracco opposed the Petition by arguing the Award should be enforced as written and a judgment should be entered against DelVallo only.

On November 17, 2009, the state court issued a six-page written Opinion and Order confirming the Award of $168,846.04 against DelVallo only. (Doc. 6 Ex. 5). The caption of the Opinion contains the case numbers of both the DelVallo and Barracco actions and was entered on the docket in both cases. The court summarized the parties' positions on the scope of the arbitration and the Award as follows:

> Although Plaintiff's motion is titled Petition to Confirm Arbitration Award, Plaintiff is actually requesting that the award be modified in 3 ways: delete the $991,584.00 stipulated original amount owed by Defendants and replace it with the $1,014,627.70 amount of the default judgment against Defendant Barracco, add prejudgment interest, and add a $40,041.77 attorney fee against Defendant DelVallo and in favor of Plaintiff Bank pursuant to the loan documents. Essentially, Plaintiff is asserting that the arbitrator correctly determined the value of the real estate, but incorrectly computed the deficiency, exceeded his authority in computing the deficiency at all, and incorrectly failed to compute prejudgment interest and attorney fees.
>
> Defendants respond that the lawsuits were dismissed for the express purpose of resolving all remaining issues through binding arbitration, and that the Court retained no jurisdiction other than to enforce the arbitration

agreement and award. Therefore, this Court should enforce the 04/21/09 Arbitrator's Award as a judgment of the Court, with no additions or subtractions.

(Doc. 6 Ex. 5 at 4-5). The court resolved the dispute by agreeing with Barracco:

> The Court is satisfied that the arbitrator had authority to arbitrate the remaining contested issues of law and fact. Plaintiff does not dispute the arbitrator's authority to determine the value of the real estate. Significantly, there is no indication that Plaintiff objected to arbitrating the amount of the loan deficiency balance at any time during the pendency of the arbitration proceeding. Also, there is no evidence that Plaintiff submitted the issues of prejudgment interest or attorney fees to the arbitrator. Rather, the uncontroverted evidence indicates that Plaintiff voluntarily dismissed the lawsuits and stipulated that the Court retain jurisdiction only to enforce the arbitration agreement, to enter the arbitrator's decision, and to enforce the arbitrator's decision as a judgment of the Court. Moreover, Plaintiff did not condition dismissal on the Court's retention of jurisdiction to determine the deficiency, to compute prejudgment interest, or to award attorney fees. Thus, the Court finds that Plaintiff is precluded from now challenging the arbitrator's authority to arbitrate the deficiency balance, and is further precluded from petitioning the Court to compute prejudgment interest, or to award attorney fees.

(Id. at 5). At the end of the Opinion, the court found Chase's Petition untimely under M.C.R. 3.602(J) and (K). (Id. at 6). Nevertheless, the court concluded with:

> For the reasons set forth above, Plaintiff's motion to confirm the arbitration award is GRANTED, and the award of $168,846.04 to Plaintiff from Defendant Del Vallo, only, is CONFIRMED. Pursuant to MCR 2.602(A)(3), this case was previously closed and remains closed.

(Id.). Chase filed a motion for reconsideration on the untimeliness finding. (ROA #7 at 15 of 23).

On December 14, 2009, while Chase's motion for reconsideration remained pending in state court, the parties returned to bankruptcy court for the continuation of the hearing on Barracco's Objections. (ROA #8). The parties again disputed scope of the Award and each explained how the state court's November Opinion supported their respective

position. After reviewing the portion of the Opinion that held "the award of $168,846.04 to Plaintiff from Defendant Del Vallo, only, is CONFIRMED," the bankruptcy court said:

> I don't know whether "only" means that the court is confirming the arbitrator's decision that this is the amount that DelVallo owes to plaintiff and there's no decision about what the individual owes to the plaintiff, or whether this is a judgment that the claims against both of the defendants are resolved by this award against only one of the defendants. I can't tell what this means.

(Id. at 11-12). To help the bankruptcy court resolve the ambiguity, Barracco pointed the court to portions of the Opinion where the state court rejected Chase's position that the arbitration was limited to the value issue. The bankruptcy court said, "[n]ow, all of that sounds great except that where is there anything in the arbitrator's award that deals with the [Chase's] claims against [Barracco] over and apart from the issue of value?" (Id. at 14-15). At this point, Chase suggested the parties return to state court and file a joint motion asking the state court to allow the parties to ask the arbitrator to clarify his Award. Barracco agreed, and the bankruptcy court adjourned the hearing for forty-five days. The bankruptcy court also advised the parties that if the state court did not resolve the scope of the Award issue through the proposed joint motion or a ruling on Chase's pending motion for reconsideration, the bankruptcy court might have to refer the matter to the arbitrator for clarification.

Shortly after the hearing the December 14 hearing, Barracco ordered a copy of the hearing recording and sent it to the arbitrator. Chase reimbursed Barracco for half the cost of obtaining the recording. (Doc. 10 Ex. 14). The parties participated in a conference call with the arbitrator and discussed the bankruptcy court's concerns. The arbitrator agreed to review the recording and said he would try to resolve the court's concerns.

9

On January 11, 2010, the state court issued an Opinion and Order granting in part and denying in part Chase's motion for reconsideration. (Doc. 6 Ex. 6). The court agreed with Chase that its supplemental petition was timely given application of the automatic stay. (Id. at 3). After setting aside its holding in the November 19 Opinion and Order that Chase's petition was untimely, the state court added:

> Plaintiff Bank's current motion for reconsideration does not address the remaining findings of fact and conclusions of law contained in the Court's 11/17/09 Opinion and Order, which analyzed and resolved the substantive issues raised by the parties. In particular, the Court found that "there is no error on the face of the award that requires correcting"; "Plaintiff is precluded from now challenging the arbitrator's authority to arbitrate the deficiency balance, and is further precluded from petitioning the Court to compute prejudgment interest, or to award attorney fees"; and "this Court should enforce the 04/21/09 Arbitrator's Award as a judgment of the Court, with no additions or subtractions." These findings by the Court are not affected by the timeliness of Plaintiff Bank's Petition to Confirm Arbitration Award.
>
> Accordingly, the Court is not persuaded that Plaintiff Bank has demonstrated that the Court was misled by a palpable error and that a different result would occur from correction of the error regarding the timeliness of Plaintiff Bank's Petition to Confirm Arbitration Award. As such, the Court is satisfied that Plaintiffs motion for reconsideration is properly denied regarding the remainder of the Court's 11/17/09 Opinion and Order. Specifically, the arbitration award of $168,846.04 to Plaintiff Bank from Defendant Del Vallo, only, remains confirmed.

(Id. at 3-4).

Chase and Barracco returned to bankruptcy court on February 8, 2010 for the final hearing on Barracco's Objections. (ROA #9). The parties informed the bankruptcy court that they did not file the joint motion proposed at the previous hearing. Chase also told the court that, although the parties provided the arbitrator with a recording of the December 14 hearing, they had yet to receive the arbitrator's response. The parties once again

10

presented competing interpretations of the Award and state court opinions. The bankruptcy court made its ruling on the scope of the Award from the bench:

> Well, the matter is certainly not free from all doubt. There is fair room for argument on both sides here. On balance, however, the Court must conclude that there is nothing explicit in anything in the record of this Court that sets aside the plaintiff's default judgment against this debtor, Mr. Barracco, nor is there anything before the Court which suggests an intent that the default judgment is set aside or should be set aside. In the circumstances, therefore, the Court must conclude that the default judgment stands and that the debtor's objection to the bank's claim, therefore, is overruled. That's my judgment.

(Id. at 14). The bankruptcy court entered an Order overruling Barracco's Objections on February 10. (ROA #10).

Barracco filed a motion for reconsideration of the Order overruling his Objections on February 15. (ROA #11). Attached to his motion is a letter the arbitrator sent Chase and Barracco on February 11:

> I have taken the opportunity to review the audio transcript from a prior hearing involving Judge Rhodes. I have taken several tries at the audio record so that I can clearly grasp what each of the parties is trying to get at, as well as to try and answer the questions posed by Judge Rhodes in the Bankruptcy Court. I have also taken the opportunity to review my Arbitration Award, as well as the notes and records involving your respective claims.
>
> Put simply, my Award was meant to replace the Default Judgment and any prior disposition against Frank Barracco. Although my Award appears to be directed at Del Vallo Construction, Inc., only, the Award made to the Plaintiff Bank ($168,846.04) was meant to apply to Del Vallo Construction, Inc. and Frank Barracco. The other references in my Award, as to collection, were really unrelated to my decision as to the deficiency for the amount owed in connection with the Plaintiffs original Complaint. My Award was meant to dispose of all claims, including those against Frank Barracco.
>
> I apologize for any confusion that I have created in regard to continuing matters. Obviously, I was dealing with' the present when I dealt with the claims against Del Vallo Construction, Inc. and Frank Barracco, and I did not really consider or anticipate that there would be further proceedings

>that might be affected by the Award that I rendered. I also apologize for any delay in connection with the clarification of my original Award.

(Id. Ex. 6.5). On the basis of this letter, the principles of claim and issue preclusion, and the Full Faith and Credit Act, Barracco argued the bankruptcy court should sustain his Objections and dismiss the Chase Claim.

The bankruptcy court denied Barracco's motion for reconsideration on February 22 by concluding "nothing in the motion warrants reconsideration of its earlier order." (ROA #12). Barracco filed a timely notice of appeal of the bankruptcy court's Order overruling his Objections to the Chase Claim and its Order denying his motion for reconsideration. (ROA #13).

## III. STANDARD OF REVIEW

A district court reviews the bankruptcy court's findings of fact under the clear error standard. In re Wingerter, 594 F.3d 931, 935 (6th Cir. 2010). "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." FED. R. BANKRUPTCY P. 8013. A factual finding is clearly erroneous when "the reviewing court is left with a definite and firm conviction that a mistake has been committed." In re Cook, 457 F.3d 561, 565 (6th Cir. 2006). Conclusions of law are reviewed de novo. In re Wingerter, 594 F.3d at 935-36.

## IV. ANALYSIS

Barracco argues the Full Faith and Credit Act commands reversal of the bankruptcy court's Order overruling his Objections because the state court has twice ruled that Chase has no deficiency claim against Barracco. Chase does not directly respond to this

12

argument. Instead, it maintains Barracco has failed to show how the bankruptcy court's factual determination that the default judgment in the Barracco Action survived arbitration is clearly erroneous. Barracco contends that finding has no support in the record because the state court has expressly ruled that the arbitration extinguished Barracco's personal liability towards Chase. The Court agrees with Barracco on both of his points.

The Full Faith and Credit Statute, 28 U.S.C. § 1738, imposes a statutory duty upon federal courts to accord full faith and credit to the judicial proceedings of state courts. In re Fordu, 201 F.3d 693, 703 (6th Cir. 1999); In re Calvert, 105 F.3d 315, 317 (6th Cir. 1997). "When a federal court is asked to give preclusive effect to a state court judgment, the federal court must apply the law of the state in which the prior judgment was rendered in determining whether and to what extent the prior judgment should be given preclusive effect in a federal action." In re Fordu, 201 F.3d at 703 (citations omitted). A bankruptcy court's decision concerning the preclusive effect of a state court judgment is a question of law that is reviewed de novo. In re Moffitt, 252 B.R. 916, 920 (6th Cir. BAP 2000); In re Markowitz, 190 F.3d 455, 461 (6th Cir. 1999); see also In re Keaty, 397 F.3d 264, 269 (5th Cir. 2005); In re Griego, 64 F.3d 580, 584 (10th Cir. 1995).

In this case, a Michigan state court enforced the Award as a judgment after resolving the parties dispute concerning the scope of that Award. Therefore, the Court looks to Michigan law to determine the preclusive effect of that state court judgment on Barracco's bankruptcy proceedings.

Under Michigan law, collateral estoppel is a doctrine that precludes "relitigation of an issue in a subsequent, different cause of action between the same parties where the prior proceeding culminated in a valid, final judgment and the issue was (1) actually litigated

13

and (2) necessarily determined." In re Frank, 425 B.R. 435, 439 (Bkrtcy. W.D. Mich. 2010) (quotation marks omitted) (quoting People v. Gates, 452 N.W.2d 627, 630 (Mich. 1990)).

The ultimate issue in this case is whether Chase has a valid claim against Barracco. The validity of Chase's claim hinges on the existence of an unsatisfied deficiency based on the default judgment entered against Barracco in the Barracco Action. The existence of the default judgment (and corresponding deficiency) turns on whether it survived the parties' arbitration. The parties presented that issue to the state court with Chase's Supplemental Petition to Confirm Arbitration Award after the bankruptcy court lifted the automatic stay.

In its Supplemental Petition, Chase sought a $220,577.47 deficiency judgment against Barracco based on the default judgment in the Barracco Action. Chase argued the only matter submitted to arbitration was the true value of the DelVallo lots sold at the foreclosure sale and therefore, the arbitrator had no authority to calculate a deficiency or extinguish the default judgment in the Barracco Action. Barracco maintained the parties submitted their entire dispute to the arbitrator and the Award should be enforced as written, i.e., Chase has a $168,846.04 award against DelVallo and no award against him.

The state court unambiguously agreed with Barracco in its November Opinion and Order: "the Court finds that [Chase] is precluded from now challenging the arbitrator's authority to arbitrate the deficiency balance, and is further precluded from petitioning the Court to compute prejudgment interest, or to award attorney fees." (Doc. 6 Ex. 5 at 4-5). Simply put, the state court held that the $168,846.04 award against DelVallo is all that remains of the DelVallo and Barracco actions. The court expressly refused to enter a

deficiency judgment against Barracco, recalculate the deficiency against DelVallo, or add prejudgment interest and attorney fees to the Award.

The state court confirmed its holding in the January Opinion and Order on Chase's motion to reconsider the state court's untimeliness finding, "[Chase]'s current motion for reconsideration does not address the remaining findings of fact and conclusions of law contained in the Court's 11/17/09 Opinion and Order, which analyzed and resolved the substantive issues raised by the parties. . . . [T]he Court is satisfied that [Chase's] motion for reconsideration is properly denied regarding the remainder of the Court's 11/17/09 Opinion and Order." (Id. Ex. 6 at 3-4). By plainly stating, "the arbitration award of $168,846.04 to Plaintiff Bank from Defendant Del Vallo, only, remains confirmed," the state court again made clear that Chase has no deficiency claim against Barracco. (Id.). Chase did not appeal the November or January Opinions. Consequently, they are the valid and final judgment on whether Chase has a deficiency claim against Barracco.

The Court finds the state court rulings on the deficiency issue satisfies the elements of collateral estoppel and the bankruptcy court erred by not giving these state court rulings full faith and credit in the bankruptcy proceedings. Chase's Proof of Claim is based solely on the default judgment in the Barracco action. Chase is attempting to relitigate the viability of the that judgment by arguing it has a valid deficiency claim against Barracco. This exact issue was already adjudicated by the state court in two final and unappealable written opinions. The state court expressly held that Chase has no deficiency claim against Barracco. There is no dispute that this issue was actually litigated and necessarily determined by the state court. Therefore, upon application of the Full Faith and Credit Act

15

and Michigan collateral estoppel law, Chase has no claim against Barracco and Chase is barred from relitigating that issue in Barracco's bankruptcy proceeding.

In this case, however, the bankruptcy court found that the default judgment survived the parties' arbitration and that Chase has a $220,577.47 deficiency claim against Barracco. By overruling Barracco's Objections, the bankruptcy court upheld a theory of liability that the state court refused to accept on two separate occasions. Collateral estoppel prevents the bankruptcy court from rejecting the state court's finding that Chase has no deficiency claim against Barracco. The preclusive effect of the state court opinions flows from the unambiguous language of those opinions - all disputes between Chase, Barracco, and DelVallo were submitted to the arbitrator, and the arbitrator found that Chase has a claim against DelVallo for $168,846.04 and no claim against Barracco. The Court acknowledges certain portions of the underlying Award and Arbitration Agreement could be characterized as ambiguous. However, the state court resolved any ambiguity after throughly reviewing the parties' competing interpretations of the arbitration record. The bankruptcy court was prohibited from revisiting the state court's rulings on this matter. Since the state court held that Chase has no deficiency claim against Barracco, Barracco's Objections must be sustained. See Raleigh v. Illinois Dept. of Revenue, 530 U.S. 15, 20 (2000) ("Creditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code."). Accordingly, the Court reverses the bankruptcy court's February 10, 2010 Order overruling Barracco's Objections.[2]

---

[2] Having resolved this appeal on Full Faith and Credit Act grounds, the Court does not address Barracco's additional basis for reversal. See (Doc. 6 at 7-17, 22-24).

16

Given the Court's reversal of the February 10 Order, the bankruptcy court's February 22 Order denying his motion for reconsideration is vacated as moot and his appeal of that Order is moot.  See In Re JSJF Corp., 344 B.R. 94 (9th Cir. BAP 2006) (finding the appeal of a denial of a motion to reconsider moot after reversing the underlying order); see also In re Collins & Aikman Corp., 2008 WL 4449891, *1 (E.D.Mich. Sept. 30, 2008) ("[T]he Sixth Circuit has recognized [ ] an appeal from the denial of a motion for reconsideration ordinarily is understood as drawing into question the underlying ruling that was the subject of the motion for reconsideration" (citations omitted)).

### V.     CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that the bankruptcy court's February 10, 2010 Order overruling Barracco's Objections is **REVERSED**, the February 22, 2010 is **VACATED** as moot, and this case is **REMANDED** for further proceedings consistent with this Opinion and Order.

**IT IS SO ORDERED.**

                              s/Marianne O. Battani
                              MARIANNE O. BATTANI
                              UNITED STATES DISTRICT JUDGE

DATED: August 3, 2011


### CERTIFICATE OF SERVICE

Copies of this Order were served upon counsel of record on this date by ordinary mail and electronic filing.
                              s/Bernadette M. Thebolt
                              Case Manager